| Information to identify the case: | | | |
|---|---|---|---|
| Debtor | Bayer & Sonz, LLC<br>Name | EIN: 83–0665186 | |
| United States Bankruptcy Court | Eastern District of Wisconsin | Date case filed for chapter: | 11  2/18/24 |
| Case number: | 24–20710–rmb | | |

Official Form 309F2 (For Corporations or Partnerships under Subchapter V)

# Notice of Chapter 11 Bankruptcy Case

10/20

**For the debtor listed above, a case has been filed under chapter 11 of the Bankruptcy Code. An order for relief has been entered.**

**This notice has important information about the case for creditors, debtors, and trustees, including information about the meeting of creditors and deadlines. Read both pages carefully.**

The filing of the case imposed an automatic stay against most collection activities. This means that creditors generally may not take action to collect debts from the debtor or the debtor's property. For example, while the stay is in effect, creditors cannot sue, assert a deficiency, repossess property, or otherwise try to collect from the debtor. Creditors cannot demand repayment from the debtor by mail, phone, or otherwise. Creditors who violate the stay can be required to pay actual and punitive damages and attorney's fees.

Confirmation of a chapter 11 plan may result in a discharge of debt. A creditor who wants to have a particular debt excepted from discharge may be required to file a complaint in the bankruptcy clerk's office within the deadline specified in this notice. (See line 12 below for more information.)

To protect your rights, consult an attorney. All documents filed in the case may be inspected at the bankruptcy clerk's office at the address listed below or through PACER (Public Access to Court Electronic Records at pacer.uscourts.gov).

**The staff of the bankruptcy clerk's office cannot give legal advice.**

**Do not file this notice with any proof of claim or other filing in the case.**

| | | | |
|---|---|---|---|
| 1. | **Debtor's full name** | Bayer & Sonz, LLC | |
| 2. | **All other names used in the last 8 years** | | |
| 3. | **Address** | 7430 Harwood Avenue, Ste 200<br>Milwaukee, WI 53213 | |
| 4. | **Debtor's attorney**<br>Name and address | Michelle A. Angell<br>Miller & Miller Law, LLC<br>633 W. Wisconsin Avenue<br>Suite 500<br>Milwaukee, WI 53203 | Contact phone 414–312–6581<br><br>Email: michelle@millermillerlaw.com |
| 5. | **Bankruptcy trustee**<br>Name and address | Jennifer M. Schank<br>Fuhrman and Dodge S.C.<br>6405 Century Avenue<br>Suite 101<br>Middleton, WI 53562 | Contact phone 608–327–4200<br><br>Email: jschank@fuhrmandodge.com |
| 6. | **Bankruptcy clerk's office**<br>Documents in this case may be filed at this address.<br>You may inspect all records filed in this case at this office or online at pacer.uscourts.gov. | Room 126, U.S. Courthouse<br>517 East Wisconsin Avenue<br>Milwaukee, WI 53202–4581 | Hours open:<br>Monday through Friday, 8:30 A.M. until 4:30 P.M., except legal holidays.<br><br>Contact phone (414) 297–3291<br><br>Date: 2/23/24 |

**For more information, see page 2 >**

Official Form 309F2 (For Corporations or Partnerships under Subchapter V)  **Notice of Chapter 11 Bankruptcy Case**  page 1

Case 24-20710-rmb    Doc 10    Filed 02/23/24    Page 1 of 2

| 7. | **Meeting of creditors** | **March 27, 2024 at 01:00 PM** | Trustee: Jennifer M. Schank |
|---|---|---|---|
| | Debtors must attend the meeting to be questioned under oath. In a joint case, both spouses must attend. Creditors may attend, but are not required to do so. | **BY TELEPHONE**  The meeting may be continued or adjourned to a later date. If so, the date will be on the court docket. | Call in number: 866−769−7285  Passcode: 2908993 |
| | **Debtor attorneys will be responsible for verifying both the debtors' photo ID and the debtors' social security number on the record. If you are a pro se debtor who appears by telephone, the trustee may require that you appear at a continued meeting in order to present your proof of identification and social security number and to affirm that you were the one who testified at the telephonic meeting.** | | |

| 8. | **Proof of claim deadline** | **Deadline for filing proof of claim:** | |
|---|---|---|---|
| | | **For all creditors (except a governmental unit):** | 4/29/24 |
| | | A proof of claim is a signed statement describing a creditor's claim. A proof of claim form may be obtained at www.uscourts.gov or any bankruptcy clerk's office. | |
| | | Your claim will be allowed in the amount scheduled unless:  • your claim is designated as *disputed*, *contingent*, or *unliquidated;*  • you file a proof of claim in a different amount; or  • you receive another notice. | |
| | | If your claim is not scheduled or if your claim is designated as *disputed*, *contingent*, or *unliquidated*, you must file a proof of claim or you might not be paid on your claim and you might be unable to vote on a plan. You may file a proof of claim even if your claim is scheduled. | |
| | | You may review the schedules at the bankruptcy clerk's office or online at pacer.uscourts.gov. | |
| | | Secured creditors retain rights in their collateral regardless of whether they file a proof of claim. Filing a proof of claim submits a creditor to the jurisdiction of the bankruptcy court, with consequences a lawyer can explain. For example, a secured creditor who files a proof of claim may surrender important nonmonetary rights, including the right to a jury trial. | |

| 9. | **Exception to discharge deadline** | If § 523(c) applies to your claim and you seek to have it excepted from discharge, you must start a judicial proceeding by filing a complaint by the deadline stated below. | |
|---|---|---|---|
| | The bankruptcy clerk's office must receive a complaint and any required filing fee by the following deadline. | **Deadline for filing the complaint:** | 5/28/24 |

| 10. | **Creditors with a foreign address** | If you are a creditor receiving notice mailed to a foreign address, you may file a motion asking the court to extend the deadlines in this notice. Consult an attorney familiar with United States bankruptcy law if you have any questions about your rights in this case. |
|---|---|---|

| 11. | **Filing a Chapter 11 bankruptcy case** | Chapter 11 allows debtors to reorganize or liquidate according to a plan. A plan is not effective unless the court confirms it. You may receive a copy of the plan and a disclosure statement telling you about the plan, and you may have the opportunity to vote on the plan. You will receive notice of the date of the confirmation hearing, and you may object to confirmation of the plan and attend the confirmation hearing. The debtor will generally remain in possession of the property and may continue to operate the debtor's business. |
|---|---|---|

| 12. | **Discharge of debts** | Confirmation of a chapter 11 plan may result in a discharge of debts, which may include all or part of your debt. See 11 U.S.C. § 1141(d). A discharge means that creditors may never try to collect the debt from the debtor except as provided in the plan. If you want to have a particular debt owed to you excepted from the discharge and § 523(c) applies to your claim, you must start a judicial proceeding by filing a complaint and paying thefiling fee in the bankruptcy clerk's office by the deadline. |
|---|---|---|

Official Form 309F2 (For Corporations or Partnerships under Subchapter V)    **Notice of Chapter 11 Bankruptcy Case**    page 2

Case 24-20710-rmb    Doc 10    Filed 02/23/24    Page 2 of 2