So Ordered.

Dated: February 26, 2024



_____
Rachel M. Blise
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

In re:

Bayer & Sonz, LLC

Debtor.

Case No. 24-20710-rmb

Chapter 11 (Subchapter V)

**ORDER (1) SCHEDULING SECTION 1188(a) CONFERENCE;
(2) SETTING SECTION 1188(c) REPORT DEADLINE; AND
(3) ESTABLISHING PROCEDURES FOR SUBCHAPTER V CASE**

On February 18, 2024, the Debtor filed a chapter 11 petition and elected to proceed under Subchapter V of Chapter 11 of Title 11 of the United States Code ("Subchapter V"). In accordance with Subchapter V,

IT IS HEREBY ORDERED:

1. **Section 1188(a) conference:** The Court will conduct the status conference required by 11 U.S.C. § 1188(a) on **April 17, 2024 at 11:00 a.m.** The status conference will take place by telephone. To appear by telephone, you must call the Court conference line at 1-888-808-6929, and enter access code 5457889# before the scheduled hearing time.

    a. *Required appearances*: Debtor's counsel, the Debtor (through senior management personnel), and the Subchapter V Trustee must attend this hearing.

    b. *Filing mandatory preconference report*: On or before **April 3, 2024**, the Debtor must file and serve on the Subchapter V Trustee, the United States Trustee, and all parties in interest the report required by 11 U.S.C. § 1188(c), describing at least the following in detail:

i. The efforts the Debtor has undertaken or will undertake to attain a consensual plan of reorganization. *See* 11 U.S.C. § 1188(c).

ii. Any complications the Debtor perceives in promptly proposing and confirming a plan, including any need for discovery, valuation adjudication, motion practice, claim adjudication, or adversary proceeding litigation.

iii. The nature of the Debtor's business or occupation and the goals of the reorganization plan.

iv. Any motions the Debtor contemplates filing or expects to file before confirmation.

v. Any objections to claims or interests the Debtor expects to file before plan confirmation and any potential need to estimate claims for voting purposes.

vi. The estimated time by which the Debtor expects to file and serve the plan of reorganization.

vii. Other matters that the Debtor expects the Court will need to address before confirmation.

viii. Other issues that the Debtor contends could have an effect on the efficient administration of the case.

c. *Requests for adjournment*:

i. If any of the mandatory participants has a presently existing scheduling conflict, that party should file a prompt letter request to reschedule after consultation with counsel for the other parties. The letter request should include at least three dates and times on which all of the mandatory participants would be available for a rescheduled status conference within the time period set forth in 11 U.S.C. § 1188(a).

ii. Any other request for an adjournment of the status conference must be made by motion served on all parties who have appeared or filed claims, as well as the Subchapter V Trustee and the United States Trustee, accompanied by notice of a 7-day objection period. The motion must fully explain the reasons for the requested adjournment, and, **if the requested adjournment would place the conference at a date later than 60 days after the order for relief, must be supported by facts demonstrating circumstances for which the Debtor should not justly be held accountable**. *See* 11 U.S.C. § 1188(b). The court may grant the motion before the expiration of the objection period in which case the court will

2

treat any timely filed objection as a motion to reconsider, which the
          court will decide de novo.

2.  **Deadline to file plan:** The Debtor must file and serve a plan of reorganization on or before **May 18, 2024**. *See* 11 U.S.C. §1189(b). The Debtor is encouraged to use the Subchapter V plan form (Form 425A) in proposing a plan of reorganization. A copy is available on the court's website.

3.  **Monthly operating reports:** The Debtor must file and serve on the United States Trustee monthly operating reports containing the information required by 11 U.S.C. §§ 1187 and 308, including summaries of the operation of the Debtor's business, profitability, and statements identifying all receipts and disbursements. The Debtor must file each monthly report on or before the 21st day of the following month. The Debtor's monthly operating reports must be made using the form required by the United States Trustee.

4.  **Failure to comply with this order:** The failure to comply with this order may result in denial of confirmation or sanctions, including but not limited to conversion or dismissal of this case, the appointment of a trustee, and/or monetary sanctions.

5.  **Clerk to serve this order:** The Clerk is directed to serve this order on all parties in interest by ECF or through the Bankruptcy Noticing Center.

                                    # # # # #