# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF WISCONSIN

## Court Minutes and Order

| | |
|---|---|
| HEARING DATE: | June 13, 2024 |
| CASE NO.: | 24-20710-rmb |
| DEBTOR: | Bayer & Sonz, LLC |
| MATTERS: | United States Trustee's Motion to Dismiss Case |
| APPEARANCES: | Michelle Angell, Attorney for the Debtor |
| | Matthew Bayer, Principal of the Debtor |
| | Jennifer Schank, Subchapter V Trustee |
| | Anthony Sparks, Attorney for the United States Trustee |
| | Dustine Guillermo, Auditor for the United States Trustee |
| | Beth Brockmeyer, Attorney for Gordon Family, LLP |
| | Andrew Robinson, Attorney for Best REI Funding & Renovo Capital |

On June 13, 2024, the Court held an adjourned hearing on the United States Trustee's motion to dismiss. Counsel for the United States Trustee reported that, while the debtor has submitted all outstanding items, questions remained regarding the debtor's management of the estate. Counsel pointed out that the debtor's monthly operating reports are deficient, the debtor has not filed required tax returns, the debtor has co-mingled business expenses with the personal expenses of its principal, and the debtor has not complied with the order requiring it to deliver a security deposit to the Subchapter V trustee.

Counsel for Gordon Family, LLP stated that the creditor was not receiving adequate protection payments and argued the case should be dismissed.

The Subchapter V Trustee confirmed that she had not received the security deposit the Court had ordered the debtor to pay. Matthew Bayer, the debtor's principal, explained that he was unable to access the debtor's funds in its Wells Fargo account, and instead mailed a personal check for the security deposit to the trustee on June 10. The Court set a deadline by which the security deposit must be received by the Subchapter V Trustee and directed the trustee to file a letter with the court when she receives the security deposit from the debtor.

Counsel for Best REI Funding LLC and Renovo Capital LLC reported that the motion for relief from stay was unresolved. Counsel for the debtor reported the debtor intended to file an objection to the motion for relief from stay and disputed the amounts owed to both creditors. The debtor also objected to the claims filed by those creditors, and responses had been filed by the creditors, so those objections are ripe for hearing.

The Court noted that the original basis for the U.S. Trustee's motion to dismiss – the debtor's failure to comply with filing deadlines and appear at the meeting of creditors – had been excused based on Mr. Bayer's testimony at a prior hearing, that the debtor had filed all required documents, and that the only missed deadline was the deadline to deliver a security deposit to the Subchapter V Trustee. The U.S. Trustee and Gordon Family LLP had asserted other bases for dismissal or conversion, but the Court had no evidence to support dismissal or conversion on those bases.

The Court further noted that if the U.S. Trustee or Gordon Family LLP wanted to proceed with a motion to dismiss or convert, then that would require an evidentiary hearing. An evidentiary hearing would also be required to address the pending motion for relief from stay. The parties agreed that the best course is for the Court to resolve the motion for relief from stay and claim objections first, because those issues would need to be resolved regardless and resolution in favor of Renovo Capital and/or Best REI Funding could lead to dismissal or conversion.

The Court scheduled preliminary hearings on Best REI Funding LLC and Renovo Capital LLC's Motion for Relief from the Automatic Stay and the debtor's objections to Claim No. 7 filed by Renovo Capital LLC and Claim No. 8 filed by Best REI Funding LLC.

The United States Trustee's Motion to Dismiss and Gordon Family, LLP's joinder to that motion will be held in abeyance pending resolution of the motion for relief. The Court also imposed a doomsday order requiring the debtor to meet all deadlines, with any default being a basis for dismissal under the Court's Uniform Doomsday Procedures.

Accordingly, IT IS HEREBY ORDERED:

1. The United States Trustee's Motion to Dismiss (ECF No. 40) and Gordon Family, LLP's Joinder Motion (EFC No. 67) will be held in abeyance pending resolution of the Motion for Relief from the Automatic Stay filed by Best REI Funding LLC and Renovo Capital LLC.

2. A preliminary hearing on Best REI Funding LLC and Renovo Capital LLC's Motion for Relief from the Automatic Stay (ECF No. 89); the debtor's Objection to Claim No. 7 filed by Renovo Capital LLC (ECF No. 66); and the debtor's Objection to Claim No. 8 filed by Best REI Funding LLC (ECF No. 65) will be held on **June 27, 2024 at 3:00 p.m**. Parties may appear in person, Courtroom 149, 517 East Wisconsin Avenue, Milwaukee, WI, 53202 or by telephone. To appear by telephone, parties must call the court conference line at 1-888-808-6929, and enter access code 5457889# before the scheduled hearing time.

3. The debtor must ensure that the Subchapter V Trustee receives the post-petition deposit of $4,000 as previously ordered by the Court at ECF No. 54 on or before **June 20, 2024**. If the deposit is not received by the deadline, this case may be dismissed. This deadline is a Doomsday Order under the Court's Uniform Doomsday Procedures.

4. Effective immediately, the debtor must strictly comply with all deadlines in this case, whether court-ordered or set by rule or statute. This includes, but is not limited to, the timely filing of monthly operating reports. If any deadline is missed, the affected party may file a certificate of default and request dismissal under the Court's Uniform Doomsday Procedures.

Dated: June 14, 2024

*Rachel Blise*

Rachel M. Blise
U.S. Bankruptcy Judge