UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

In re:

Bayer & Sonz, LLC,

Case No. 24-20710-rmb

Subchapter V

Debtor.

# ORDER SCHEDULING EVIDENTIARY HEARING

On June 27, 2024, the Court held preliminary hearings on (1) the Motion for Relief from the Automatic Stay filed by Best REI Funding LLC and Renovo Capital LLC and (2) the Debtor's Objections to Claim No. 7 filed by Renovo Capital LLC and Claim No. 8 filed by Best REI Funding LLC. Michelle Angell appeared for the Debtor; Matthew Bayer, Principal of the Debtor appeared; Jennifer Schank, Subchapter V Trustee appeared; Anthony Sparks appeared for the United States Trustee; and Andrew Robinson appeared for Best REI Funding LLC and Renovo Capital LLC. The Court determined that an evidentiary hearing is necessary to resolve the motion for relief from the automatic stay and claim objections.

Accordingly, IT IS HEREBY ORDERED:

1. <u>Evidentiary Hearing</u>: An evidentiary hearing on the Motion for Relief from the Automatic Stay filed by Best REI Funding LLC and Renovo Capital LLC and the Debtor's Objections to Claim No. 7 and Claim No. 8 will be held on **August 19, 2024, at 9:30 a.m.**, at the United States Courthouse, 517 East Wisconsin Avenue, Room 149, Milwaukee, WI 53202.

    a. If necessary, the evidentiary hearing will continue to August 20 and August 21, 2024, each day beginning at 9:30 a.m.

    b. All parties wishing to present evidence or question witnesses, and all witnesses, must appear in person.

    c. The Court will not grant an adjournment of the evidentiary hearing absent a compelling reason.

    d. If the parties settle the matter, they must inform the Court no later than **4:00 p.m. on August 16, 2024**. If no settlement notice is received by then, the parties and their counsel must appear for the evidentiary hearing on August 19, 2024. Failure to appear may result in the Court ruling against the non-appearing party.

2. <u>Trustee Observation</u>: The Subchapter V Trustee may observe the hearing by telephone but may not question witnesses or present argument. To attend by telephone, call the Court Zoom telephone conference line at 1-669-254-5252, and enter access code 160 5891 6561 # before the scheduled hearing time. No other telephone appearances will be permitted.

3. <u>Witness Lists</u>: On or before **August 12, 2024** each party must file a list of witnesses that the party intends to call at the hearing, along with a brief summary of the testimony the witness will provide. Failure to submit a list of witnesses by the deadline may result in exclusion of the testimony from those witnesses.

4. <u>Exhibit Lists</u>: On or before **August 12, 2024**, the parties must file the exhibits they contemplate using at the hearing, along with an exhibit list that briefly describes each exhibit.

    a. The parties must redact all information required by applicable privacy regulations.

    b. All exhibits must be marked at the time they are filed. The Debtor should mark its exhibits 1-99, and the creditors should mark their exhibits 100-199. Exhibits with more than one page should have all pages numbered.

    c. Counsel must bring at least two paper copies of all exhibits to the hearing, one for the Court and one for the witness. Copies of the exhibits must be identical to the exhibits filed on the docket. If a party files ten or more exhibits, the exhibits must be placed in a tabbed, three-ring binder. No individual binder should be larger than 3" across the spine; documents may be printed double-sided.

    d. Each party is responsible for having paper copies, or access to electronic copies, of all exhibits filed by any party in accordance with this order for the party's own use during the hearing.

    e. Notwithstanding any use of paper copies during the hearing, unless the Court orders otherwise, the official version of each exhibit will be the electronic version filed in accordance with this order.

5. <u>Pre-Hearing Briefs</u>: On or before **August 12, 2024**, each party may, but is not required to, file a pre-hearing brief containing a brief statement of the case, a brief description of the disputed issues of fact, and a memorandum of authority for any disputed issues of law.

6. The failure to comply with this order is cause to take adverse action against the non-complying party, including excluding exhibits or witnesses, or ruling against the non-complying party.

Dated: June 28, 2024



Rachel M. Blise
U.S. Bankruptcy Judge

2